## GOODRICH *against* TRACEY.

It is not essential to the validity of an insolvent bond, that the insolvent himself should be bound in it : it is sufficient if it be executed by the sureties alone, and allowed by the judge.

A justice of the peace has jurisdiction of an action on an insolvent bond, being in amount not exceeding one hundred dollars ; and if, upon such bond, the action originate in court, the plaintiff is not entitled to recover costs.

ERROR to the Common Pleas of *Crawford* county.

This was an action of debt brought in the court of Common Pleas of *Crawford* county, by *John Tracey* against *Jabez Goodrich* and *Jared Shattich*, upon an insolvent bond, in the penalty of seventy dollars, conditioned for the appearance of *Samuel Lord*, to take the benefit of the insolvent laws. In the court below, the defendants, in a special plea, set out the circumstances under which the bond was given, and relied upon the fact, as a defence to the action, that *Samuel Lord*, the insolvent, had not executed the bond. To this plea the plaintiff demurred; and the court (*Shippen*, president,) sustained the demurrer; upon which a judgment was rendered for the plaintiff, with costs.

In this court two errors were assigned. First, in rendering judgment for the plaintiff on the demurrer; and, second, in rendering a judgment for costs.

*Wallace*, for plaintiff in error, cited *Bolton* v. *Robinson*, 13 *Serg. & Rawle*, 193. *Boyce* v. *Wilkins*, 5 *Serg. & Rawle*, 329. *Derrickson*, for defendant in error, was stopped by the court.

PER CURIAM.—The letter of the act which requires the insolvent debtor to give bond with such security as shall be required by the judge, is strictly satisfied by giving the bond of the sureties; and as to the spirit and intent of it, we are at a loss to perceive what additional security the personal responsibility of the insolvent would be to the creditor, who has his personal responsibility already. The demurrer, then, was rightly sustained; but as a justice of the peace has undoubted jurisdiction of this species of bond, when for a sum less than one hundred dollars, there was error in giving judgment for the plaintiff with costs.

Judgment reversed as to costs, and affirmed for the residue.